**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HIGH RIVER LIMITED PARTNERSHIP,** : | **CIVIL ACTION NO. 1:05-CV-0594** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v.  : | |
| : | |
| **MYLAN LABORATORIES, INC., et al.,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 6th day of June, 2005, upon consideration of plaintiff's complaint (Doc. 1), and it appearing that plaintiff voluntarily dismissed a previous action in this court based upon and including the same claims against the same defendants,[1] see FED. R. CIV. P. 41(d) (providing for discretionary assessment of costs and stay proceedings against a plaintiff "who has once dismissed an action in any court [and then] commences an action based upon or including the same claim against the same defendant"), and the court finding that the voluntary dismissal and re-filing of these claims was unreasonable and unnecessary[2] but not clearly vexatious or motivated by improper purpose, see Larsen v. Senate of the

---

[1] See High River Ltd. v. Mylan Labs., Inc., No. 05-CV-0381 (M.D. Pa. dismissed Mar. 8, 2005).

[2] Plaintiff claims that changed circumstances necessitated the filing of a new cause of action, but offers no "good reason" why it could not have simply invoked Federal Rule of Civil Procedure 15 to amend the prior complaint.  See 9 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2375 (3d ed. 1998); see also Larsen v. Senate of the Commonwealth of Pa., 955 F. Supp. 1549, 1582 (M.D. Pa. 1997), rev'd on other grounds, 154 F.3d 82 (3d Cir. 1998).

Commonwealth of Pa., 955 F. Supp. 1549, 1582 (M.D. Pa. 1997) (discussing discretion of court in awarding costs under Federal Rule of Civil Procedure 41(d)), rev'd on other grounds, 154 F.3d 82 (3d Cir. 1998), it is hereby ORDERED that:

1. Plaintiff shall pay to defendants the costs incurred by defendants with respect to the action previously dismissed, exclusive of attorney's fees.[3]

    a. Defendants shall file, on or before June 13, 2005, an affidavit providing an itemized list of costs for which defendants seek recovery.

    b. Plaintiff shall file, within seven calendar (7) days after the filing of defendants' affidavit, proof of payment of costs for which defendants seek recovery or objections to the costs for which defendants seek recovery.

2. Resolution of the request for a stay of proceedings shall be deferred pending plaintiff's filing of proof of payment or objections to the costs for which defendants seek recovery.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] The court assumes without deciding that it has the authority to award attorney's fees under Federal Rule of Civil Procedure 41(d), but finds that such an award is unwarranted in this case. See Esquivel v. Arau, 913 F. Supp. 1382, 1386-91 (C.D. Cal. 1996); cf. Esposito v. Piatrowski, 223 F.3d 497, 500-02 (7th Cir. 2000); Anders v. FPA Corp., 164 F.R.D. 383, 387-90 (D.N.J. 1995), aff'd, No. 93-2830, 1995 WL 785109 (D.N.J. Apr. 24, 1995). See generally Thomas Southard, Increasing the "Costs" Nonsuit: A Proposed Clarifying Amendment to Federal Rule of Civil Procedure 41(d), 32 SETON HALL L. REV. 367 (2002); Edward X. Clinton, Jr., Does Rule 41(d) Authorize an Award of Attorney's Fees?, 71 ST. JOHN'S L. REV. 81 (1997).