**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HIGH RIVER LIMITED PARTNERSHIP,** : | **CIVIL ACTION NO. 1:05-CV-0594** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **MYLAN LABORATORIES, INC., et al.,** : | |
| : | |
| **Defendants** : | |

## **MEMORANDUM**

A corporate proxy battle has spilled into the judicial arena. High River Limited Partnership ("High River"), a major shareholder in Mylan Laboratories, Inc. ("Mylan"), asserts that the current Mylan corporate directors, faced with an upcoming annual meeting at which High River and other dissatisfied shareholders would likely elect a new board, amended nomination procedures in an attempt to thwart the election and entrench themselves in their positions. The complaint in this case seeks a declaration that these amendments are null and void.

The latest salvo in the litigation is a motion to dismiss, filed by Mylan and the members of its board ("Mylan Board"). The motion asserts that the court lacks jurisdiction over the case and that the complaint fails to state a claim upon which relief may be granted. After consideration of the motion and the arguments of counsel, the court concludes that some of the claims must fall but others may stand for another day.

I.   **Statement of Facts**[1]

The proposed acquisition by Mylan of another pharmaceuticals corporation, King Pharmaceuticals, Inc., ignited the proxy contest underlying this case. When announced in July 2004, the proposal was criticized by a number of Mylan shareholders, including High River, which stated that it would oppose the acquisition when the matter was submitted to shareholders. Soon thereafter, the Mylan Board took a series of actions to restructure the acquisition deal and avoid the need for shareholder approval. High River responded in August 2004 by declaring that it would challenge the members of the Mylan board in corporate elections scheduled for July 2005.[2]  (Doc. 1 at 1-4).

Several months later, and after a series of acrimonious public exchanges between the companies, the Mylan Board enacted amendments to corporate bylaws related to the nomination of candidates for election as directors. These amendments, issued on February 18, 2005, require director nominations to be submitted by February 28, 2005—rather than March 31, 2005—and reschedule the annual meeting for October 28, 2005—rather than July 29, 2005. In effect, the

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. See infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to reasonableness of the parties' allegations.

[2] High River also filed a separate complaint in this court challenging the acquisition agreement under state and federal securities laws. See High River Ltd. v. Mylan Labs., Inc., 353 F. Supp. 2d 487, 490 (M.D. Pa. 2005) (Rambo, J.). These claims, which are not directly relevant to the case *sub judice*, were subsequently transferred to the Southern District of New York on motion of the defendants. Id.

amended bylaws change the period for advance notice of nominations from four to eight months.  No reason was given for the change.  (Doc. 1 at 4-8).

High River immediately objected.  It characterized the amendments as an improper attempt to thwart the election of new directors and "entrench" the current members of the board in their positions.  On February 22, 2005, High River filed a complaint in this court seeking preliminary and permanent injunctive relief against enforcement of the amendments.  Two days later, the court denied a request for a temporary restraining order on the ground that High River had not demonstrated the potential for "irreparable harm" resulting from the amendments.[3]  High River then withdrew its complaint and submitted a slate of candidates by the February 28 deadline.  (Doc. 1 at 5-7).

Nearly a month later, the complaint was re-filed under the above-captioned docket.  The pleading is modified to reflect High River's timely submission of a slate of candidates, but otherwise repeats the allegations of the previous complaint.[4]  It asserts that High River and other shareholders of Mylan have been unjustly precluded from submitting additional candidates for election.  It requests as relief nullification of the recent amendments, imposition of a renewed

---

[3] See High River Ltd. v. Mylan Labs., Inc., No. 05-CV-0381, slip. op. at 6 (M.D. Pa. Feb. 24, 2005) (Conner, J.).

[4] Costs of the previous action were assessed against High River by separate order on this date.  See FED. R. CIV. P. 41(d) ("If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper . . . .").

nominations period, and an award of costs and damages "in such amount as may be shown at trial to have been proximately caused by the [d]efendant directors' breach of fiduciary duty, malfeasance, and misfeasance." (Doc. 1 at 6, 37-39).

Defendants filed the instant motion to dismiss in April 2005. They assert that the complaint does not present a "live" case or controversy, since High River has now submitted a slate of candidates in compliance with the amended deadline, and that the complaint fails to state a valid cause of action. Briefing on the motion concluded on May 20, 2005, and the matter was taken under expedited consideration at the request of the parties. (Docs. 22-23, 27-29).

## II.  **Standard of Review**

A motion to dismiss offers a preliminary opportunity for the court to review the complaint and eliminate claims for which relief is patently unavailable, whether because of jurisdictional limitations or obvious substantive deficiencies. See Empire Kosher Poultry, Inc. v. United Food & Commercial Workers Health & Welfare Fund of Northeastern Pa., 285 F. Supp. 2d 573, 576-77 (M.D. Pa. 2003). Proceedings on the motion are presumptively limited to the face of the complaint, with the non-moving party receiving the benefit of all reasonable inferences from

the allegations therein.[5]  Id.; see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  Only when these allegations clearly fail to invoke the court's jurisdiction or to establish a potential right to relief should the complaint be dismissed.  See Empire Kosher, 285 F. Supp. 2d at 576-77.

## III.   Discussion

Corporate structure and administration in Pennsylvania is governed by the Business Corporation Law ("BCL"), 15 PA. CONS. STAT. §§ 1101-4162, a series of statutory provisions establishing the rights of corporate entities and their responsibilities to shareholders and others.[6]  See 12 SUMM. PA. JUR. 2D Business Relationships § 1:4.  Among the subjects addressed in the BCL is the process for nomination and election of the board of directors, the body vested with general corporate authority.  See, e.g., 15 PA. CONS. STAT. §§ 1725, 1758; see also 13 SUMM. PA. JUR. 2D Business Relationships § 8:10.  Shareholders are allowed to nominate candidates for election to the board, but the corporation is obligated to accept only those nominations submitted in accordance with advance notice requirements of the corporate bylaws, provided that those requirements are "fair and reasonable"

---

[5] The instant motion to dismiss does not challenge the factual veracity of the jurisdictional allegations of the complaint.  See Carpet Group Int'l v. Oriental Rug Imps. Ass'n, 227 F.3d 62, 69 (3d Cir. 2000) ("When a defendant attacks subject matter jurisdiction 'in fact,' as opposed to an attack on the allegations on the face of the complaint, . . . 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'") (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

[6] Neither party disputes that Pennsylvania law applies in this diversity case.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79-80 (1938).

in light of corporate needs.  See 15 PA. CONS. STAT. § 1758(e); see also Commonwealth ex rel. Laughlin v. Green, 40 A.2d 492, 494-95 (Pa. 1945).

High River argues that the amended advance notice bylaws do not provide a "fair and reasonable" procedure for the nomination of candidates.  Mylan counters that High River has alleged no cognizable injury, since it has complied with the advance notice requirement, and that the notice provisions are "fair and reasonable" as a matter of law.  These arguments will be addressed in turn.

### A.      Lack of Jurisdiction[7]

The adjudicative authority of the federal courts is constitutionally limited to cases in which a party has suffered an "injury in fact" redressable by a favorable decision.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-63 (1992) (citing Sierra Club v. Morton, 405 U.S. 727, 734 (1972)).  The alleged injury must be "actual or imminent" and must be "particularized," affecting the plaintiff "in a personal and individual way."  Id. at 560 & n.1.  Absent allegations (and, at later stages of litigation, proof) of a cognizable injury in fact, the court is without jurisdiction to entertain the matter.  Id. at 561.

The complaint in this case clearly sets forth an "injury in fact."  It alleges that High River has been deprived of its right—recognized under the BCL—to a reasonable opportunity to nominate the directors of a corporation in which it

---

[7] Apart from the issue of standing, defendants do not challenge the exercise of subject matter jurisdiction over this case, which involves diverse parties and an amount in controversy of more $75,000.  See 28 U.S.C. § 1332.

holds a substantial financial interest.  This deprivation may be redressed by a judicial declaration that the amended bylaws are invalid and an injunction requiring Mylan to accept nominations submitted by High River outside of the advance notice period.  Constitutional prerequisites to jurisdictional standing are satisfied.  See id.; see also 13 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3531.4 (3d ed. 1998).

This injury is not cured by the fact that Mylan may, in its own discretion, accept late nominations.  The interest asserted by High River is the ability to nominate candidates as a matter of *right*, not merely as a matter of *grace*.  Cf. United States v. Generix Drug Corp., 460 U.S. 453, 456 n.6 (1983); Adams v. Bowater Inc., 313 F.3d 611, 614-615 (1st Cir. 2002); Levin v. Harleston, 966 F.2d 85, 90 (2d Cir. 1992).  Mylan offers no guarantee that it will accept late nominations; to the contrary, it asserts in this lawsuit a legal justification for rejecting these nominations.  Judicial relief offers the only means by which High River can secure the right to propose new candidates for election.  This case presents a "live" controversy.  See County of Los Angeles v. Davis, 440 U.S. 625, 631-33 (1979); 13 WRIGHT ET AL., supra, §§ 3531.4, 3531.6.

Nor is it relevant, for purposes of the jurisdictional inquiry, whether High River will, if relief is granted, actually propose a new slate of candidates.  A right is no less valuable merely because it goes unexercised.  See Watt v. Energy Action Educ. Found., 454 U.S. 151, 160-162 (1981); Citizens for Better Forestry v. U.S. Dep't of Agric., 341 F.3d 961, 975-976 (9th Cir. 2003); CC Distribs., Inc. v. United States, 883

F.2d 146, 149-151 (D.C. Cir. 1989). With the opportunity to submit new nominations, High River will be in a strategically better position to review its current candidates—particularly in light of any publicity that they have received since they were announced—and to decide whether a change is in order. The loss of this opportunity—whether or not exercised—constitutes an injury in fact for which judicial redress is potentially available. See Watt, 454 U.S. at 160-162; 13 WRIGHT ET AL., supra, §§ 3531.4, 3531.6.

However, High River may not assert claims on behalf of other shareholders. It is axiomatic that a party "generally must assert [its] own legal rights and interests, and cannot rest [a] claim to relief on the legal rights or interests of third parties." Kowalski v. Tesmer, 125 S. Ct. 564, 567 (2004). The limitation on the rights of other shareholder to submit nominees does not restrict High River's choice among potential candidates or otherwise constitute a harm to High River. Other shareholders may, if they choose, join in this case or commence an independent action to vindicate their rights. There is no indication that High River's interests are so inextricably bound to other shareholders as to allow it to assert their rights. See id.; 13 WRIGHT ET AL., supra, § 3531.9. The claims based on alleged harms to other shareholders will be dismissed.

### B. **Failure To State a Claim**

That the court may entertain High River's claims does not, of course, suggest that these claims have substantive merit. Nevertheless, it is clear as a threshold matter that the complaint asserts a cognizable violation of Pennsylvania law. The

BCL allows corporations to enforce advance notice provisions only if they are "fair and reasonable" in light of corporate needs.  See 15 PA. CONS. STAT. § 1758(e).  The amended bylaws issued by Mylan require nominations to be proposed *eight months* in advance of the shareholder meeting:  more than double the advance notice directed by previous bylaws.  There is no indication that this extended period is necessary to allow the company to prepare proxy statements, verify the qualifications of proposed nominees, or take any other action related to the meeting agenda.  Indeed, according to the complaint, the sole purpose of the bylaws is to advance the personal interests of the members of the Mylan Board.  These allegations, considered in the light most favorable to High River, demonstrate a potential violation of section 1758 of the BCL.  See id. § 1758 cmt.-2001.

This violation, if established, may be remedied by injunctive and declaratory relief.  The BCL allows the court to review corporate actions and to invalidate or enjoin enforcement of bylaws that are patently unreasonable or conflict with specific statutory requirements.  See id. §§ 104, 1793; see also Dugan v. Firemen's Pension Fund of Phila., 94 A.2d 353, 355 (Pa. 1953); Laughlin, 40 A.2d at 494-95; Lutz v. Webster, 94 A. 834, 835 (Pa. 1915); 12 SUMM. PA. JUR. 2D Business Relationships § 5:62.  These equitable remedies are potentially available to High River if it establishes that the amended bylaws do not provide a "fair and reasonable" procedure for the nomination of candidates.  The claims for declaratory and injunctive relief against Mylan may proceed.

The claims for monetary relief, however, do not fare as well. The BCL does not establish a right to compensatory damages, or to attorney's fees, in actions brought by individual shareholders for a violation of statutory provisions. See, e.g., 15 PA. CONS. STAT. §§ 104, 1793. Moreover, it does not appear that High River has suffered any cognizable damages from the enactment of the bylaws. The company has not been forced to take any action, has not been denied any opportunity, and has not incurred any apparent costs due to the amendment beyond those associated with commencement and prosecution of the instant lawsuit.[8] The complaint does not provide a basis for an award of compensatory damages, even assuming *arguendo* their availability under the BCL.

Nor may High River maintain its claims against the individual members of the Mylan Board for "breach of fiduciary duty, malfeasance, and misfeasance." Notwithstanding the motivations of the individual board members, the advance notice bylaws represent an action of the *corporation*, not the directors. See id. §§ 1502, 1721. Relief from enforcement of the bylaws, if available, must be sought from the corporation itself. See, e.g., Davis v. U.S. Gypsum Co., 451 F.2d 659, 662 (3d Cir. 1971); Cole v. Ford Motor Co., 566 F. Supp. 558, 568-69 (W.D. Pa. 1983);

---

[8] Cf. Dardovitch v. Haltzman, 190 F.3d 125, 145 (3d Cir. 1999) (noting that Pennsylvania law does not permit an award of attorney's fees "in the absence of express statutory allowance of the same"). The court expresses no view on whether High River would be entitled to an award of costs if it is successful in its claims. See FED. R. CIV. P. 54(d).

Reifsnyder v. Pittsburgh Outdoor Adver. Co., 173 A.2d 319, 322 & n.9 (Pa. 1961).[9] None of the harms alleged in the complaint flow from the individual actions of the directors,[10] and the claims against them will be dismissed.

## IV.  Conclusion

The sole claim that High River may assert, based on the allegations of the complaint, is a right to declaratory and injunctive relief against Mylan with respect to the validity and prospective enforcement of the amended advance notice bylaws.  The remaining claims will be dismissed without prejudice.[11]

An appropriate order will issue.

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      June 6, 2005

---

[9] This case was brought as a direct action against the corporation, see Reifsnyder, 173 A.2d 319, 322 & n.9 (Pa. 1961), and not as a derivative action in which the plaintiff is considered to represent the interests of the corporation and may potentially recover from corporate officials for financial losses to the company, see 15 PA. CONS. STAT. § 1782.  See generally 12 SUMM. PA. JUR. 2D Business Relationships §§ 7:90-7:96.

[10] Cf. 15 PA. CONS. STAT. § 1717 (stating that the duty imposed on directors to act in "good faith" runs "solely to the business corporation . . . and may not be enforced directly by a shareholder"); Copland v. Fischer & Porter Co., 32 Pa. D. & C. 4th 57, 62-63 (Pa. Ct. Com. Pls. Bucks 1996) (noting that individual claim against majority shareholders may lie where individual—not corporate—actions in leveraging voting power caused harm to plaintiff).

[11] See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (stating that plaintiffs generally enjoy the right to amend a deficient complaint).

## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HIGH RIVER LIMITED PARTNERSHIP,** : | **CIVIL ACTION NO. 1:05-CV-0594** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| **v.** : | |
| : | |
| **MYLAN LABORATORIES, INC., et al.,** : | |
| : | |
| **Defendants** : | |

## **ORDER**

AND NOW, this 6th day of June, 2005, upon consideration of defendants' motion to dismiss (Doc. 22), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1.  The motion to dismiss (Doc. 22) is GRANTED with respect to plaintiff's claims against defendants on behalf of third-party shareholders in Mylan Laboratories, Inc., plaintiff's claims against defendants for monetary damages, and plaintiff's claims against non-corporate defendants.

    a.  The foregoing claims are DISMISSED without prejudice.

    b.  Defendants Wendy Cameron, Robert J. Coury, Laurence S. Delynn, Douglas J. Leech, Joseph C. Maroon, Rod Piatt, Milan Puskar, Patricia A. Sunseri, C.B. Todd, Randall L. Vanderveen, and Stuart A. Williams are DROPPED as parties to the above-captioned case.

2.  The motion to dismiss (Doc. 22) is otherwise DENIED.

                                                             S/ Christopher C. Conner
                                                          CHRISTOPHER C. CONNER
                                                          United States District Judge