# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HIGH RIVER LIMITED PARTNERSHIP,** : | **CIVIL ACTION NO. 1:05-CV-0594** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **MYLAN LABORATORIES, INC.,** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this 15th day of July, 2005, upon consideration of plaintiff's objection to defendant's requests for discovery relating to the existence of concerted action among plaintiff and third parties,[1] and it appearing that the complaint (Doc. 1) in the above-captioned case demands equitable relief on grounds that an advance notice bylaw enacted by defendant's corporate board is invalid as "patently unreasonable" and motivated by improper purpose and that enforcement of the bylaw would violate the requirement of section 1758(e) of the Pennsylvania Business Corporation Law that such provisions be "fair and reasonable" in light of corporate needs,[2] see 15 PA. CONS. STAT. §§ 104, 1758(e), 1793; see also Dugan v. Firemen's Pension Fund of Phila., 94 A.2d 353, 355 (Pa. 1953);

---

[1] The objection was raised and addressed, with the court's approval, through correspondence and a telephone conference (Doc. 39) rather than formal motion practice. See FED. R. CIV. P. 1, 26, 37.

[2] The allegations of the complaint are discussed in greater detail in the opinion of the court addressing defendant's motion to dismiss (Doc. 32), familiarity with which is presumed.

Commonwealth ex rel. Laughlin v. Green, 40 A.2d 492, 494-95 (Pa. 1945); Lutz v. Webster, 94 A. 834, 835 (Pa. 1915); 12 SUMM. PA. JUR. 2D Business Relationships § 5:62, and it further appearing that the existence of concerted action among plaintiff and third parties would not have a tendency to prove or disprove any fact relevant to the claims in this case but relates solely to plaintiff's potential disclosure obligations under federal regulations if permitted to nominate a new slate of candidates for defendant's corporate board, see FED. R. CIV. P. 26(b)(1); see also FED. R. EVID. 401; 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2008 (3d ed. 1998), and it further appearing that disclosure of plaintiff's agreements with and activities involving third parties would be unduly burdensome and oppressive to plaintiff in light of legitimate business interests, see FED. R. CIV. P. 26(b)(2), it is hereby ORDERED that the objection is SUSTAINED. Plaintiff shall not be required to respond further to defendant's requests for discovery relating to the existence of concerted action among plaintiff and third parties.

                                          S/ Christopher C. Conner
                                          CHRISTOPHER C. CONNER
                                          United States District Judge