**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HIGH RIVER LIMITED PARTNERSHIP,** : | **CIVIL ACTION NO. 1:05-CV-0594** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **MYLAN LABORATORIES, INC.,** : | |
| : | |
| **Defendant** : | |

### ORDER

AND NOW, this 15th day of July, 2005, upon consideration of defendant's objection to plaintiff's interrogatories[1] requesting descriptions of the manners in which previous changes to bylaws and shareholder meeting dates have been announced by defendant's corporate board, and it appearing that the complaint (Doc. 1) in the above-captioned case demands equitable relief on grounds that an advance notice bylaw enacted by defendant's corporate board is invalid as "patently unreasonable" and motivated by improper purpose and that enforcement of the bylaw would violate the requirement of section 1758(e) of the Pennsylvania Business Corporation Law that such provisions be "fair and reasonable" in light of corporate needs,[2] see 15 PA. CONS. STAT. §§ 104, 1758(e), 1793;

---

[1] The objection was raised and addressed, with the court's approval, through correspondence and a telephone conference (Doc. 39) rather than formal motion practice. See FED. R. CIV. P. 1, 26, 37.

[2] The allegations of the complaint are discussed in greater detail in the opinion of the court addressing defendant's motion to dismiss (Doc. 32), familiarity with which is presumed.

see also Dugan v. Firemen's Pension Fund of Phila., 94 A.2d 353, 355 (Pa. 1953); Commonwealth ex rel. Laughlin v. Green, 40 A.2d 492, 494-95 (Pa. 1945); Lutz v. Webster, 94 A. 834, 835 (Pa. 1915); 12 SUMM. PA. JUR. 2D Business Relationships § 5:62, and it further appearing that the manners in which previous changes to advance notice bylaws and shareholder meeting dates have been announced by defendant's corporate board may have a tendency to prove or disprove the understandings and motivations of members of defendant's corporate board in enacting the advance notice bylaw and the reasonableness of the bylaw, see FED. R. CIV. P. 26(b)(1); see also FED. R. EVID. 401; 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2008 (3d ed. 1998), but that disclosure of the manners in which previous changes to other bylaws, unrelated to advance notice provisions or shareholder meeting dates, have been announced would not be likely to lead to the discovery of admissible evidence and would be unduly burdensome and oppressive to defendant, see FED. R. CIV. P. 26(b)(2), it is hereby ORDERED that the objection is SUSTAINED in part and OVERRULED in part as follows:

1. Defendant shall be required to respond to plaintiff's interrogatories requesting descriptions of the manners in which previous changes to advance notice bylaws and shareholder meeting dates have been announced by defendant's corporate board.

2. Except as otherwise provided in this order, defendant shall not be required to respond to plaintiff's interrogatories requesting descriptions of the manners in which previous changes to bylaws have been announced by defendant's corporate board.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge