**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HIGH RIVER LIMITED PARTNERSHIP,** : | **CIVIL ACTION NO. 1:05-CV-0594** |
| : | |
| : | **(Judge Conner)** |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| **MYLAN LABORATORIES, INC.,** : | |
| : | |
| Defendant : | |

**ORDER**

AND NOW, this 15th day of July, 2005, upon consideration of defendant's objection to plaintiff's interrogatories[1] requesting the identity of shareholders of defendant who submitted inquiries or comments to defendant's corporate board regarding nominees or other business, and it appearing that the complaint (Doc. 1) in the above-captioned case demands equitable relief on grounds that an advance notice bylaw enacted by defendant's corporate board is invalid as "patently unreasonable" and motivated by improper purpose and that enforcement of the bylaw would violate the requirement of section 1758(e) of the Pennsylvania Business Corporation Law that such provisions be "fair and reasonable" in light of corporate needs,[2] see 15 PA. CONS. STAT. §§ 104, 1758(e), 1793; see also Dugan v.

---

[1] The objection was raised and addressed, with the court's approval, through correspondence and a telephone conference (Doc. 39) rather than formal motion practice.  See FED. R. CIV. P. 1, 26, 37.

[2] The allegations of the complaint are discussed in greater detail in the opinion of the court addressing defendant's motion to dismiss (Doc. 32), familiarity with which is presumed.

Firemen's Pension Fund of Phila., 94 A.2d 353, 355 (Pa. 1953); Commonwealth ex rel. Laughlin v. Green, 40 A.2d 492, 494-95 (Pa. 1945); Lutz v. Webster, 94 A. 834, 835 (Pa. 1915); 12 SUMM. PA. JUR. 2D Business Relationships § 5:62, and it further appearing that defendant has disclosed copies of inquiries or comments submitted to defendant's corporate board, redacted to omit the identities of the shareholders, and that disclosure of the identities of the shareholders would not be likely to lead to the discovery of admissible evidence and would be unduly burdensome and oppressive to defendant in light of legitimate corporate interests, see FED. R. CIV. P. 26(b)(2), it is hereby ORDERED that the objection is SUSTAINED. Defendant shall not be required to respond further to plaintiff's interrogatories requesting the identity of shareholders of defendant who submitted inquiries or comments to defendant's corporate board regarding nominees or other business.

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge