**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HIGH RIVER LIMITED PARTNERSHIP,** : | **CIVIL ACTION NO. 1:05-CV-0594** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **MYLAN LABORATORIES, INC.,** : | |
| : | |
| **Defendant** : | |

**ORDER**

AND NOW, this 15th day of July, 2005, upon consideration of defendant's objection to plaintiff's request for production of documents[1] reflecting criticism of defendant's corporate board, and it appearing that the complaint (Doc. 1) in the above-captioned case demands equitable relief on grounds that an advance notice bylaw enacted by defendant's corporate board is invalid as "patently unreasonable" and motivated by improper purpose and that enforcement of the bylaw would violate the requirement of section 1758(e) of the Pennsylvania Business Corporation Law that such provisions be "fair and reasonable" in light of corporate needs,[2] see 15 PA. CONS. STAT. §§ 104, 1758(e), 1793; see also Dugan v. Firemen's Pension Fund of Phila., 94 A.2d 353, 355 (Pa. 1953); Commonwealth ex rel.

---

[1] The objection was raised and addressed, with the court's approval, through correspondence and a telephone conference (Doc. 39) rather than formal motion practice. See FED. R. CIV. P. 1, 26, 37.

[2] The allegations of the complaint are discussed in greater detail in the opinion of the court addressing defendant's motion to dismiss (Doc. 32), familiarity with which is presumed.

Laughlin v. Green, 40 A.2d 492, 494-95 (Pa. 1945); Lutz v. Webster, 94 A. 834, 835 (Pa. 1915); 12 SUMM. PA. JUR. 2D Business Relationships § 5:62, and it further appearing that the request for production of documents reflecting criticism of defendant's corporate board is overbroad and duplicative of other discovery requests relating to the understandings and motivations of members of defendant's corporate board in enacting the advance notice bylaw and that disclosure of the documents would be unduly burdensome and oppressive to defendant in light of legitimate corporate interests, see FED. R. CIV. P. 26(b)(2), it is hereby ORDERED that the objection is SUSTAINED.  Defendant shall not be required to respond to plaintiff's request for production of documents reflecting criticism of defendant's corporate board.

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge