**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HIGH RIVER LIMITED PARTNERSHIP,** | : | **CIVIL ACTION NO. 1:05-CV-0594** |
| | : | |
| | : | **(Judge Conner)** |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **MYLAN LABORATORIES, INC.,** | : | |
| | : | |
| Defendant | : | |

# ORDER

AND NOW, this 15th day of July, 2005, upon consideration of plaintiff's objection to defendant's requests for discovery relating to prior corporate takeover activities of Carl Icahn, a principal of plaintiff, and his affiliates,[1] and it appearing that the complaint (Doc. 1) in the above-captioned case demands equitable relief on grounds that an advance notice bylaw enacted by defendant's corporate board is invalid as "patently unreasonable" and motivated by improper purpose and that enforcement of the bylaw would violate the requirement of section 1758(e) of the Pennsylvania Business Corporation Law that such provisions be "fair and reasonable" in light of corporate needs,[2] see 15 PA. CONS. STAT. §§ 104, 1758(e), 1793; see also Dugan v. Firemen's Pension Fund of Phila., 94 A.2d 353, 355 (Pa. 1953);

---

[1] The objection was raised and addressed, with the court's approval, through correspondence and a telephone conference (Doc. 39) rather than formal motion practice. See FED. R. CIV. P. 1, 26, 37.

[2] The allegations of the complaint are discussed in greater detail in the opinion of the court addressing defendant's motion to dismiss (Doc. 32), familiarity with which is presumed.

Commonwealth ex rel. Laughlin v. Green, 40 A.2d 492, 494-95 (Pa. 1945); Lutz v. Webster, 94 A. 834, 835 (Pa. 1915); 12 SUMM. PA. JUR. 2D Business Relationships § 5:62, and it further appearing that the prior public corporate takeover activities of Carl Icahn may have a tendency to prove or disprove the understandings and motivations of members of defendant's corporate board in enacting the advance notice bylaw but that other activities of Carl Icahn and the activities of his affiliates would neither reflect the understandings and motivations of members of defendant's corporate board nor be likely to lead to the discovery of admissible evidence, see FED. R. CIV. P. 26(b)(1); see also FED. R. EVID. 401; 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2008 (3d ed. 1998), and it further appearing that information relating to prior public corporate takeover activities of Carl Icahn may be obtained more effectively and efficiently through a deposition of Carl Icahn rather than through interrogatories or requests for production of documents, see FED. R. CIV. P. 26(b)(2), it is hereby ORDERED that the objection is SUSTAINED in part and OVERRULED in part as follows:

1. Except as otherwise provided in this order, plaintiff shall not be required to respond to defendant's interrogatories or requests for production of documents relating to prior corporate takeover activities of Carl Icahn and his affiliates.

2. Plaintiff shall be required to produce Carl Icahn for a deposition relating to, *inter alia,* prior public corporate takeover activities of Carl Icahn.

3. Counsel for plaintiff and counsel for defendant shall meet and confer subsequent to the deposition of Carl Icahn and attempt to agree on relevant document production limited to prior public corporate takeover activities of Carl Icahn, as hereinabove discussed.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge