**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HIGH RIVER LIMITED PARTNERSHIP,** : | **CIVIL ACTION NO. 1:05-CV-0594** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **MYLAN LABORATORIES, INC.,** : | |
| : | |
| **Defendant** : | |

**ORDER**

AND NOW, this 15th day of July, 2005, upon consideration of plaintiff's objection to defendant's requests for discovery relating to plaintiff's preparations to nominate candidates for defendant's corporate board and propose business at an annual meeting of defendant's shareholders,[1] and it appearing that the complaint (Doc. 1) in the above-captioned case demands equitable relief on grounds that an advance notice bylaw enacted by defendant's corporate board is invalid as "patently unreasonable" and motivated by improper purpose and that enforcement of the bylaw would violate the requirement of section 1758(e) of the Pennsylvania Business Corporation Law that such provisions be "fair and reasonable" in light of corporate needs,[2] see 15 PA. CONS. STAT. §§ 104, 1758(e), 1793;

---

[1] The objection was raised and addressed, with the court's approval, through correspondence and a telephone conference (Doc. 39) rather than formal motion practice.  See FED. R. CIV. P. 1, 26, 37.

[2] The allegations of the complaint are discussed in greater detail in the opinion of the court addressing defendant's motion to dismiss (Doc. 32), familiarity with which is presumed.

see also Dugan v. Firemen's Pension Fund of Phila., 94 A.2d 353, 355 (Pa. 1953); Commonwealth ex rel. Laughlin v. Green, 40 A.2d 492, 494-95 (Pa. 1945); Lutz v. Webster, 94 A. 834, 835 (Pa. 1915); 12 SUMM. PA. JUR. 2D Business Relationships § 5:62, and it further appearing that plaintiff nominated a slate of candidates for defendant's corporate board in accordance with the deadline established by the advance notice bylaw but demands an opportunity to nominate a new slate of candidates, that the degree to which plaintiff was prepared to nominate a slate of candidates at the time of enactment of the advance notice bylaw may have a tendency to prove or disprove the reasonableness of the bylaw, and that the degree to which plaintiff is now prepared to nominate a new slate of candidates may have a tendency to prove or disprove the harm that plaintiff will suffer in the absence of permanent injunctive relief,[3] see FED. R. CIV. P. 26(b)(1); see also FED. R. EVID. 401; 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2008 (3d ed. 1998), and it further appearing that information relating to the degree to which plaintiff was prepared to nominate a slate of candidates at the time of enactment of the advance notice bylaw may be obtained more effectively and efficiently through a deposition of Carl Icahn, a principal of plaintiff, rather than through interrogatories or requests for production of documents and that disclosure of plaintiff's preparations to propose other business at an annual meeting of defendant's shareholders and of the identities of candidates whom plaintiff is now

---

[3] See also Temple Univ. v. White, 941 F.2d 201, 213 n.18 (3d Cir. 1991); 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2944 (3d ed. 1998).

prepared to nominate would be unduly burdensome and oppressive to plaintiff in light of legitimate business interests, see FED. R. CIV. P. 26(b)(2), it is hereby ORDERED that the objection is SUSTAINED in part and OVERRULED in part as follows:

1. Plaintiff shall be required to respond to defendant's requests for discovery relating to the degree to which plaintiff is now prepared to nominate a slate of candidates for defendant's corporate board but shall not be required to disclose the identities of candidates whom plaintiff is prepared to nominate.

2. Plaintiff shall be required to produce Carl Icahn for a deposition relating to, *inter alia*, the degree to which plaintiff was prepared to nominate a slate of candidates at the time of the enactment of the advance notice bylaw.

3. Except as otherwise provided in this order, plaintiff shall not be required to respond to defendant's requests for discovery relating to plaintiff's preparations to nominate candidates for defendant's corporate board and propose business at an annual meeting of defendant's shareholders.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge