**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HIGH RIVER LIMITED PARTNERSHIP,** : | **CIVIL ACTION NO. 1:05-CV-0594** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **MYLAN LABORATORIES, INC.,** : | |
| : | |
| **Defendant** : | |

**AMENDING ORDER**

AND NOW, this 17th day of August, 2005, upon consideration of the memorandum and order (Doc. 32) entered in the above-captioned case on June 6, 2005, and in anticipation of its publication, it is hereby ORDERED that the memorandum and order (Doc. 32) is AMENDED as follows:

1. In the second sentence of the first paragraph of page 1, the term "asserts" is deleted and is replaced with the term "alleges," so that the sentence reads: High River Limited Partnership ("High River"), a major shareholder in Mylan Laboratories, Inc. ("Mylan"), alleges that the current Mylan corporate directors, faced with an upcoming annual meeting at which High River and other dissatisfied shareholders would likely elect a new board, amended nomination procedures in an attempt to thwart the election and entrench themselves in their positions.

2. In the final sentence of the first paragraph of page 2, the term "board" is deleted and is replaced with the term "Board," so that the sentence reads: High River responded in August 2004 by declaring that it would challenge the members of the Mylan Board in corporate elections scheduled for July 2005.

3. In the first sentence of the first full paragraph of page 4, the term "assert" is deleted and is replaced with the term "argue," so that the sentence reads: They argue that the complaint does not present a "live" case or controversy, since High River has now submitted a slate of candidates in compliance with the amended deadline, and that the complaint fails to state a valid cause of action.

4. In the first sentence of the first full paragraph of page 6, the term "argues" is deleted and is replaced with the term "contends," so that the sentence reads: High River contends that the amended advance notice bylaws do not provide a "fair and reasonable" procedure for the nomination of candidates.

5. In the first sentence of footnote 7, the term "than" is inserted after the term "more," so that the sentence reads: Apart from the issue of standing, defendants do not challenge the exercise of subject matter jurisdiction over this case, which involves diverse parties and an amount in controversy of more than $75,000.

6. In the fifth sentence of the first full paragraph of page 8, the phrase "their rights" is deleted and is replaced with the phrase "a cause of action on their behalf," so that the sentence reads: There is no indication that High River's interests are so inextricably bound to other shareholders as to allow it to assert a cause of action on their behalf.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge